# EXHIBIT 1 - PART 1



# Service of Process Transmittal
11/21/2016
CT Log Number 530223067

| | |
|---|---|
| **TO:** | Talaya Kluttz<br>Synchrony Financial<br>332 Minnesota St Ste W600<br>Saint Paul, MN 55101-1535 |
| **RE:** | **Process Served in California** |
| **FOR:** | Synchrony Bank  (Domestic State: UT) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | NIEYSHA WHITE, Pltf. vs. Synchrony Bank, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Stipulation(s), Complaint, Notice(s), Cover Sheet(s) |
| **COURT/AGENCY:** | San Diego County - Superior Court - San Diego, CA<br>Case # 37201600040726CLMCCTL |
| **NATURE OF ACTION:** | Violations of The California Rosenthal Fair Debt Collection Practices Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/21/2016 at 15:00 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Daniel G. Shay<br>Law Offices of Daniel G. Shay<br>409 Camino Del Rio South, Suite 101B<br>San Diego, CA 92108<br>619-222-7429 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0128671439<br><br>Image SOP<br><br>Email Notification,  Talaya Kluttz  talaya.l.kluttz@syf.com<br><br>Email Notification,  Synchrony Financial Litigation  syf.litigation@synchronyfinancial.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / SH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SYNCHRONY BANK, WAL-MART STORES, INC. & DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NIEYSHA WHITE

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/18/2016** at 09:22:28 AM

Clerk of the Superior Court
By Patrick Gonzaga, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Central Division - Hall of Justice
330 West Broadway
San Diego, CA 92101

**CASE NUMBER** *(Número del Caso):*
37-2016-00040726-CL-MC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel G. Shay, Esq., 409 Camino Del Rio South, Ste 101B, San Diego, CA 92108 - (619)222-7429

DATE: 11/21/2016                           Clerk, by   *P. Gonzaga*   , Deputy
*(Fecha)*                                 *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Synchrony Bank

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway <br> MAILING ADDRESS: 330 West Broadway <br> CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 <br> BRANCH NAME: Central | |

| PLAINTIFF(S): Nieysha White |
|---|
| DEFENDANT(S): Synchrony Bank et.al. |
| SHORT TITLE: WHITE VS SYNCHRONY BANK [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: <br> 37-2016-00040726-CL-MC-CTL |
|---|---|

Judge: Joan M. Lewis                                                    Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                            Date: _____

_____                  _____
Name of Plaintiff                                Name of Defendant

_____                  _____
Signature                                        Signature

_____                  _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____                  _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 11/21/2016                                                     JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1

Daniel G. Shay (State Bar No. 250548)
DanielShay@TCPAFDCPA.com
LAW OFFICE OF DANIEL G. SHAY
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

*Attorney for Plaintiff*
*Nieysha White*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**11/18/2016** at 09:22:28 AM
Clerk of the Superior Court
By Patrick Gonzaga, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN DIEGO – CENTRAL DIVISION

| | |
|---|---|
| NIEYSHA WHITE,<br><br>Plaintiff,<br><br>vs.<br><br>SYNCHRONY BANK, WAL-MART STORES, INC. & DOES 1-10,<br><br>Defendants. | CASE NO.  37-2016-00040726-CL-MC-CTL<br><br>COMPLAINT FOR DAMAGES<br><br>VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE 1788 ET. SEQ.<br><br>JURY TRIAL DEMANDED<br><br>LIMITED CIVIL CASE<br><br>[IMAGED FILE] |

1

Complaint for Damages

## INTRODUCTION

1. Nicysha White ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Synchrony Bank and Wal-Mart Stores, Inc. (collectively "Defendants") and present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities, in willfully violating debt collection laws. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

## JURISDICTION AND VENUE

2. Jurisdiction of this court is proper for the violations of The California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq* ("RFDCPA") pursuant to California Code of Civ. Pro. § 410.10 *et seq*.

3. Venue is proper in San Diego Central because the illegal act alleged herein took place within the city of San Diego. Plaintiff resides and works in the city of San Diego and Defendants are, and at all relevant times were, entities doing business in the State of California, in the city of San Diego.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, County of San Diego, in this judicial district. Plaintiff is, and at all times mentioned herein was, a "person" as defined by Cal. Civ. Code § 1788.2(g). Plaintiff is also a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

5. Plaintiff is informed and believes, and thereon alleges, that Synchrony Bank ("Synchrony") is, and at all times mentioned herein was, national bank with its principal place of business in Utah. Plaintiff alleges that at all times relevant herein Synchrony conducted business in the State of California, in the County of San Diego, within this judicial district. Synchrony is, and at all times mentioned herein was, a "person," as defined by Cal. Civ. Code § 1788.2(g). Synchrony often operates as a collection company and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(b).

6. Plaintiff is informed and believes, and thereon alleges, that Wal-Mart Stores, Inc. ("Wal-Mart") is, and at all times mentioned herein was, Delaware corporation with its principal place of business in Arkansas. Plaintiff alleges that at all times relevant herein Wal-Mart conducted business in the State of California, in the County of San Diego, within this judicial district. Wal-Mart is, and at all times mentioned herein was, a "person," as defined by Cal. Civ. Code § 1788.2(g). Wal-Mart often operates as a collection company and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(b).

7. The true names and capacities of Defendants sued herein under California Code of Civil Procedure § 474 as Does 1-10 are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will seek to amend this Complaint and include these Doe Defendants' true names and capacities when they are ascertained. The fictitiously named Defendants are responsible in some manner for the conduct alleged herein and for the damages suffered by Plaintiff.

### FACTUAL ALLEGATIONS

8. Around 2015, Plaintiff incurred a "consumer debt" as that term is defined under Cal. Civ. Code § 1788.2(f) for items purchased on credit for personal purposes with a Walmart Synchrony Bank MasterCard. These items included things like household goods and clothing.

9. The debt collection letters mailed to Plaintiff ask Plaintiff to "Make Payment To: WALMART/SYNCHRONY BANK". Defendants attempted to collect the debt and, as such, engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

10. On November 20, 2015, Plaintiff's attorney Daniel G. Shay ("Attorney") sent 4 (four) Cease and Desist letters ("letters") to Synchrony in regard to Plaintiff's Walmart Synchrony Bank MasterCard account ending in 3378. These letters included a Power of Attorney, all of Attorney's contact information and served as written Notice of Representation. Attorney sent 2 (two) letters by facsimile to Synchrony by way of Synchrony's facsimile number ending in 4770. Attorney sent 1 (one) letter by First Class U.S. Mail to Synchrony's P.O. Box address

///

3

in Atlanta, Georgia. Attorney sent the final letter by First Class U.S. Mail to Synchrony's address in Stamford, Connecticut.

11. Nevertheless, Defendants continued communicating directly with Plaintiff attempting to collect the debt. On November 24, 2015 at 12:00 PM, Defendants called Plaintiff on her cellular telephone from a telephone number ending in 5979 in attempt to collect the subject debt. Plaintiff told Defendants to contact Attorney and gave them Attorney's telephone number.

12. On or around January 5, 2016, Defendants mailed Attorney a letter indicating Defendants' receipt of the November 20, 2015 Cease and Desist letters and knowledge of Attorney's contact information.

13. Defendants communicated directly with Plaintiff despite Defendants' knowledge of Plaintiff's representation by Attorney and all of Attorney's contact information.

### CAUSE OF ACTION
### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE § 1788, ET SEQ.

14. Plaintiff incorporates by reference the above paragraphs of this complaint.

15. The RFDCPA, Cal. Civ. Code § 1788 *et seq*, prohibits unfair and deceptive acts and practices in the collection of consumer debts.

16. Defendants attempted to collect the debt and, as such, engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

17. Defendants, in the regular course of business, engage in debt collection and are "debt collectors" as defined by Cal. Civ. Code § 1788.2(c).

18. Defendants initiated communications with Plaintiff with regard to the consumer debt, when Defendants had been previously notified in writing by Plaintiff's attorney that Plaintiff was represented by such attorney with respect to the consumer debt in violation of Cal. Civ. Code § 1788.14.

19. Defendants communicated with Plaintiff after they knew Plaintiff was represented by an attorney with regard to the subject debt in violation of 15 U.S.C. § 1692b(6) which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17 and says Defendants shall not

4

communicate with Plaintiff at all;

> "*after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address...*"

20. Defendants used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f which violates Cal. Civ. Code § 1788.17.

21. Defendants did not comply with 15 U.S.C. §§ 1692b to 1692j as required by Cal. Civ. Code § 1788.17.

22. Defendants willfully and knowingly violated the RFDCPA. As "debt collectors" under the RFDCPA Defendants are fully aware of California's debt collection laws, including the RFDCPA and FDCPA as incorporated therein.

23. A willful violation occurs where the violator intends to do the act which makes up the violation. In the case of *People v. Bell*, 45 Cal. App. 4th 1030, the court found that the Penal Code definitions of "knowingly" and "willfully" were persuasive in determining the intent of Civil Code Sections. The court defined willfully and knowingly as requiring "only that the illegal act or omission occur 'intentionally,' without regard for the motive or ignorance of the act's prohibited character." Defendants' dispatch of the telephone call in an attempt to collect a debt shows a willful and knowing violation of the RFDCPA.

24. Plaintiff is entitled to damages as a result of Defendants' willful violations.

25. Plaintiff is also entitled to an award of attorney fees, costs, interest and any other relief the Court deems just and proper.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### CAUSE OF ACTION
### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE § 1788, ET SEQ.

26. As a result of Defendants' willful violations of Cal. Civ. Code § 1788, *et seq*, Plaintiff seeks actual damages pursuant to Cal. Civ. Code § 1788.30(a);

27. Statutory damages of $1,000.00 for violation of Cal. Civ. Code § 1788, *et seq* pursuant to Cal. Civ. Code § 1788.30(b);

28. Cumulative statutory damages of $1,000.00 for violations of 15 U.S.C. § 1692 *et seq* pursuant to 15 U.S.C. § 1692k(a)(2) via Cal. Civ. Code § 1788.17 that reads;

> *"Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."*

And Cal. Civ. Code § 1788.32 that reads;

> *"The remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law."*

29. Attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c);

30. Interest and any other relief the Court deems just and proper.

Date: November 18, 2016

LAW OFFICE OF DANIEL G. SHAY

By: /s/ Daniel G. Shay
Daniel G. Shay, Esq.
DanielShay@TCPAFDCPA.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

*Attorney for Plaintiff*
*Nieysha White*

---

6

Complaint for Damages

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>**STREET ADDRESS:** 330 W Broadway<br>**MAILING ADDRESS:** 330 W Broadway<br>**CITY AND ZIP CODE:** San Diego, CA 92101-3827<br>**BRANCH NAME:** Central<br>**TELEPHONE NUMBER:** (619) 450-7065 | |
| **PLAINTIFF(S) / PETITIONER(S):** Nieysha White | |
| **DEFENDANT(S) / RESPONDENT(S):** Synchrony Bank et.al.. | |
| WHITE VS SYNCHRONY BANK [IMAGED] | |
| **NOTICE OF CASE ASSIGNMENT**<br>**and CASE MANAGEMENT CONFERENCE** | **CASE NUMBER:**<br>37-2016-00040726-CL-MC-CTL |

## CASE ASSIGNMENT

Judge: Joan M. Lewis                                              Department: C-65

## COMPLAINT/PETITION FILED: 11/18/2016

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/26/2017 | 10:45 am | C-65 | Joan M. Lewis |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See Local Rule 5.1.8

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

---

SDSC CIV-721 (Rev. 08-12)                                                                                                       Page: 1
**NOTICE OF CASE ASSIGNMENT**



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "**IMAGED FILE**" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2016-00040726-CL-MC-CTL          CASE TITLE: White vs Synchrony Bank [IMAGED]

**NOTICE**: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
   (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
   (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
   (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| | | | CM-010 |
|---|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number and address):* <br>Daniel G. Shay, Esq. (SBN 250548) <br>Law Office of Daniel G. Shay <br>409 Camino Del Rio South, Suite 101B <br>San Diego, CA 92108 <br>TELEPHONE NO.: 619-222-7429  FAX NO.: 866-431-3292 <br>ATTORNEY FOR *(Name)*: Nicysha White (Plaintiff) | | | **FOR COURT USE ONLY** <br><br>**ELECTRONICALLY FILED** <br>Superior Court of California, <br>County of San Diego <br><br>**11/18/2016** at 09:22:28 AM <br><br>Clerk of the Superior Court <br>By Patrick Gonzaga, Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO <br>STREET ADDRESS: 330 West Broadway <br>MAILING ADDRESS: 330 West Broadway <br>CITY AND ZIP CODE: San Diego, CA 92101 <br>BRANCH NAME: Central Division - Hall of Justice | | | |
| **CASE NAME:** <br>Nieysha White vs. Synchrony Bank & Wal-Mart Stores, Inc. et al | | | |
| **CIVIL CASE COVER SHEET** <br>☐ Unlimited  ☑ Limited <br>(Amount  (Amount <br>demanded  demanded is <br>exceeds $25,000) $25,000 or less) | **Complex Case Designation** <br>☐ Counter  ☐ Joinder <br>Filed with first appearance by defendant <br>(Cal. Rules of Court, rule 3.402) | | **CASE NUMBER:** <br>37-2016-00040726-CL-MC-CTL <br><br>**JUDGE:** Judge Joan M. Lewis <br>**DEPT:** |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   - ☐ Auto (22)
   - ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   - ☐ Asbestos (04)
   - ☐ Product liability (24)
   - ☐ Medical malpractice (45)
   - ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   - ☐ Business tort/unfair business practice (07)
   - ☐ Civil rights (08)
   - ☐ Defamation (13)
   - ☐ Fraud (16)
   - ☐ Intellectual property (19)
   - ☐ Professional negligence (25)
   - ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   - ☐ Wrongful termination (36)
   - ☐ Other employment (15)

   **Contract**
   - ☐ Breach of contract/warranty (06)
   - ☐ Rule 3.740 collections (09)
   - ☐ Other collections (09)
   - ☐ Insurance coverage (18)
   - ☐ Other contract (37)

   **Real Property**
   - ☐ Eminent domain/Inverse condemnation (14)
   - ☐ Wrongful eviction (33)
   - ☐ Other real property (26)

   **Unlawful Detainer**
   - ☐ Commercial (31)
   - ☐ Residential (32)
   - ☐ Drugs (38)

   **Judicial Review**
   - ☐ Asset forfeiture (05)
   - ☐ Petition re: arbitration award (11)
   - ☐ Writ of mandate (02)
   - ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400–3.403)
   - ☐ Antitrust/Trade regulation (03)
   - ☐ Construction defect (10)
   - ☐ Mass tort (40)
   - ☐ Securities litigation (28)
   - ☐ Environmental/Toxic tort (30)
   - ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   - ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   - ☐ RICO (27)
   - ☑ Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   - ☐ Partnership and corporate governance (21)
   - ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*: 1 (one)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/18/16
Daniel G. Shay, Esq.
_____
(TYPE OR PRINT NAME)  ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use <br>Judicial Council of California <br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br>Cal Standards of Judicial Administration, std 3.10 <br>www.courtinfo.ca.gov